IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ELIJIO SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0310 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging respondent's calculation of time credits. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

In Cause Nos. 9401, 9404, 9407 and 9410, petitioner was convicted in Brown County, Texas, of the offenses of escape, aggravated rape, aggravated kidnaping, and burglary of a habitation, respectively. Such offenses were alleged to have been committed on June 13 and 14, 1980. On September 4, 1980, petitioner was sentenced to ten (10) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) for the

escape offense, and thirty-five (35) years confinement in TDCJ-CID for the aggravated rape, aggravated kidnaping and burglary of a habitation offenses. All sentences are running concurrently.

On February 17, 2003, petitioner was granted early release to mandatory supervised release. While petitioner was on release the Texas Board of Pardons and Paroles issued five (5) pre-revocation warrants for petitioner's arrest alleging he had violated his conditions of release. On August 21, 2006, the Board of Pardons and Paroles conducted a revocation hearing on the allegations in the fifth pre-revocation warrant charging that petitioner had failed to comply with the terms of his release by being in an unauthorized location in three (3) instances on July 28, 2006. At the hearing, petitioner admitted the allegations.[1] On August 25, 2006, petitioner was found to have violated the terms of his release and his mandatory supervised release was revoked.

On January 31, 2007, petitioner requested a correction of time credited toward the completion of his sentence pursuant to respondent's internal time credit dispute resolution process. *See* Tex.Govt Code Ann. § 501.0081. Presumably petitioner requested flat time credit for the period of time he spent on mandatory supervised release.[2] On September 4, 2007, petitioner's request was denied "due to [petitioner's] prior offense history."

Petitioner filed a number of state habeas corpus applications (presumably seeking review of his revocation and/or credit for his street time). On June 11, 2008 and August 20, 2008, the

---

[1] Petitioner's parole officer testified petitioner had permission to leave his residence on July 28, 2006 between 6:30 and 7:30 p.m. to go to the grocery store, but was to remain home except for this permitted trip. Petitioner testified he left his residence to pay his electric and water bills, and to drop off a friend's daughter. These trips were the bases for the allegations of being in an unauthorized location.

[2] The decision entered in the time credit dispute resolution denied petitioner "HB 1649," the 2001 House Bill establishing Texas Government Code § 508.283(c) which allowed flat credit for street time for certain inmates.

Texas Court of Criminal Appeals denied seven (7) of petitioner's applications without written order. *In re Sanchez*, No. 12,477-05, -06, -07, -08, -09, -10, -11. On April 29, 2009, the Texas Court of Criminal Appeals dismissed the last two (2) applications as abusive. *In re Sanchez*, No. 12,477-12, -13.

Petitioner then filed this application for federal habeas corpus relief.

## II.
## PETITIONER'S ALLEGATIONS

In his habeas application, petitioner alleges:

> Petitioner is being unconstitutionally "denied 'flat calendar time served' while in custody of the Texas Board of Pardons & Paroles on conditional mandatory supervision release" due to the ex post facto application of section 508.283(c) of the Texas Government Code to petitioner's sentences.

## III.
## TIME BAR

Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas corpus. The one-year statute of limitations is applicable to habeas applications challenging respondent's calculation of a petitioner's time credited toward his sentence (*i.e.*, challenging the fact or duration of confinement), and the limitation period necessarily runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Petitioner contends he is entitled to 3 years, 6 months, and 8 days of "flat time served" credit for his street time – the time period he was on mandatory supervised release. The record does not reflect when petitioner discovered the factual predicate of these claims or when

petitioner could have discovered his claims through the exercise of due diligence. It is clear, however, that at some point after the revocation of his mandatory supervised release on August 25, 2006 and before the filing of his time credit dispute on January 31, 2007, petitioner obviously discovered he was not being credited with his street time spent on parole. For purposes of this case, the Court will use the latest date of discovery possible, *i.e.*, January 31, 2007, the date petitioner filed his claims for time credits with TDCJ-CID, as the starting date for limitations.

On that date (January 31, 2007), petitioner filed his request for time-served credit under TDCJ-CID's time credit dispute resolution process. Filing a time credit dispute resolution request impedes a prisoner's ability to file for state habeas relief because, after filing the request, the prisoner is prohibited from filing for state habeas relief until TDCJ-CID issues a written decision or until 180 days elapse, whichever comes first. *See Stone v. Thaler*, ___ F.3d ___, 2010 WL 3034809 (August 5, 2010). Consequently, the limitations period is statutorily tolled from the date of the filing until the date of the decision, or until 180 days elapse. Here, petitioner's request was filed January 31, 2007 and denied September 4, 2007, approximately 7-months later. The limitations period was tolled only for 180 days after the filing of the time credit dispute request because after 180 days, petitioner was free to file a state habeas application. *Id.* Accordingly, the limitation period which began on January 31, 2007 was statutorily tolled from January 31, 2007 until July 30, 2007, and resumed on July 31, 2007.

Petitioner filed state writ applications with the state district court (for purposes of this discussion, the undersigned will also presume these applications challenged the denial of his

street time credits) some time prior to April 9, 2008.[3] These state writ applications were denied without written order June 11, 2008. Petitioner filed additional state writ applications, again presumably challenging the denial of his street time credits, some time prior to July 16, 2008.[4] These state writ applications were denied without written order August 20, 2008. Petitioner filed two additional state writs for habeas corpus some time prior to April 17, 2009, but these writs were denied as abusive on April 29, 2009 and did not toll the limitation period as they were not "properly filed." Petitioner signed the instant federal habeas application on October 24, 2009. The envelope in which he transmitted the application was post-marked November 9, 2009 and the San Antonio Division court received petitioner's application on November 12, 2009, filemarking the application on November 16, 2009.

Based on the above, petitioner's federal habeas application, filed October 24, 2009,[5] was not filed within one year after August 20, 2008, the last date on which the 1-year limitation period could have been tolled by the pendency of petitioner's state habeas applications. Even though it does not appear petitioner could overcome the limitations bar, this Court does not have the underlying state court records. Therefore, the undersigned will address the merits of petitioner's claim challenging TDCJ-CID's refusal to credit his sentence with street time on the merits.

---

[3] The date the state applications were filed with the Texas Court of Criminal Appeals.

[4] Again, the date the state applications were filed with the Texas Court of Criminal Appeals.

[5] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

# IV.
# STREET TIME

A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If granted early release, a Texas parole or mandatory supervision violator has no constitutional right, as a matter of federal due process, to credit on his sentence for time spent on parole or mandatory supervision. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal *constitutional* right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d 127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution).

Prior to September 1, 2001, there was not, under Texas *statutory* law, any right to street time credit, and time spent on parole or mandatory supervision was not credited against a sentence if the conditional release was revoked. After September 1, 2001, however, Texas law was changed to allow certain offenders who had their parole or mandatory supervision revoked to receive credit for the portion of time they spent on parole or mandatory supervision. *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004). Effective September 1, 2001, section 508.283 of the Texas Government Code provided, in relevant part:

> (c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be

> required to serve the remaining portion of the sentence on which the person was
> released. For a person who on the date of issuance of a warrant or summons
> initiating the revocation process is subject to a sentence the remaining portion of
> which is greater than the amount of time from the date of the person's release to
> the date of issuance of the warrant or summons, the remaining portion is to be
> served without credit for the time from the date of the person's release to the date
> of revocation. For a person who on the date of issuance of the warrant of
> summons is subject to a sentence the remaining portion of which is less than the
> amount of time from the date of the persons release to the date of issuance of the
> warrant or summons, the remaining portion is to be served without credit for an
> amount of time equal to the remaining portion of the sentence on the date of
> issuance of the warrant or citation.

Tex. Gov't Code Ann § 508.283(c) (Vernon 2001). Persons described by Section 508.149(a), however, were specifically excluded from receiving credit for the portion of time they spent on parole or mandatory supervision not only by subsection (c) but also by subsection (b):

> If the parole, mandatory supervision, or conditional pardon of a person described
> by Section 508.149(a) is revoked, the person may be required to serve the
> remaining portion of the sentence on which the person was released. The
> remaining portion is computed without credit for the time from the date of the
> person's release to the date of revocation.

When petitioner's mandatory supervision was revoked on August 25, 2006, persons described by section 508.149(a) included, *inter alia*, inmates serving a sentence for or previously convicted of aggravated kidnaping and aggravated sexual assault.[6] Tex. Gov't Code Ann. § 508.149(a)(4) and (8) (Vernon 2006).

Petitioner's revocation occurred after the effective date of the statute on September 1, 2001 and, thus, the above provisions apply to petitioner. Due to his convictions for aggravated kidnaping and aggravated rape, petitioner did not meet the first requirement entitling him to time credit under Section 508.283(c). Specifically, petitioner was not eligible for time credits because

---

[6]The version of section 508.283(c) in effect when petitioner's parole or mandatory supervision was revoked on August 25, 2006 incorporated section 508.149(a) by reference, thereby invoking the version of section 508.149(a) in effect when petitioner's parole or mandatory supervision was revoked. *See Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex.Crim.App. 2007); *see also Ex parte Foster*, 2007 WL 1347832 (Tex.Crim.App. May 9, 2007).

he was a person described by Section 508.149(a) when his release was revoked. Consequently, petitioner does not qualify for relief under section 508.283(c) and, as a result, petitioner is not, nor has he ever been, entitled to flat time credit for the period of time he spent on mandatory supervised release from February 17, 2003 to August 25, 2006. Petitioner is not entitled to federal habeas corpus relief.

Petitioner's *ex post facto* argument is misplaced. While it is true that petitioner's offenses occurred in 1980 and the statute governing his eligibility for credit was not effective until 2001, application of the 2001 law to petitioner was not a violation of the constitutional prohibition on *ex post facto* laws. As applicable here, in order to violate the *ex post facto* prohibition, the application of the subsequent law must retroactively increase petitioner's initial punishment. *See Lynce v. Mathis*, 519 U.S. 433, 440-41 (1997). Texas law in effect when petitioner committed his offense and was convicted and sentenced in 1980 did not allow <u>anyone</u> credit for street time, to wit:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, *such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation*.

Tex. Crim. Proc. art. 42.18, § 15 (Vernon 1980). The 2001 statute, while excluding petitioner from benefitting from its application, did <u>not</u> increase petitioner's punishment. There has been no *ex post facto* application of any statutes in this case.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody

filed by petitioner ELIJIO SANCHEZ be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of August, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).